(101 App. Div. 261)

### FITZGERALD v. DAKIN.

(Supreme Court, Appellate Division, Third Department.    January 4, 1905.)

1. PLEADINGS—SERVICE BY DEPOSIT IN LETTER BOX.

Code Civ. Proc. § 797, subd. 3, authorizing service by mail, provides that service may be made on the party or his attorney by depositing the paper inclosed in a postpaid wrapper, properly addressed, in any post office or post-office box of the United States, etc.   *Held*, that where, on the last day for the service of an answer, at 8 o'clock in the evening, defendant served a copy of his answer and a demand for bill of particulars by depositing them in the office letter box of plaintiff's attorney, neither of the papers being inclosed in an envelope or sealed wrapper nor addressed to any one, each paper being deposited loosely in the box, such service was insufficient, and plaintiff was entitled to return the same within 24 hours.

Appeal from Special Term, St. Lawrence County.

Action by Richard E. Fitzgerald against Edward N. Dakin.   From an order requiring plaintiff's attorney to accept and retain an answer alleged to have been served, together with a demand for a bill of particulars, he appeals.   Reversed.

The plaintiff having served the summons and complaint in this action to recover for legal services rendered, the time to answer would expire on the 28th day of March, 1904.   Upon that day, at about 8 o'clock in the evening, the defendant served a copy of his answer, and also a demand for a bill of particulars, in the action, upon the plaintiff's attorney, by depositing them in the office letter box of such attorney.   Neither of said papers was inclosed in an envelope or sealed wrapper, nor addressed to anybody.   Each paper was simply deposited loosely in such box.   The next day, and within 24 hours, the plaintiff's attorney returned to the defendant's attorney each of such papers, with the indorsement thereon that they were returned for the reason that the manner of the attempted service was unauthorized and irregular and constituted no service.   The defendant's attorney thereupon, on March 31st, procured from the special surrogate of St. Lawrence county an order that the plaintiff show cause at a Special Term of the Supreme Court held at the chambers of a justice of this court on the 2d day of April, 1904, why the plaintiff should not accept said answer and demand, and staying all proceedings on the part of the plaintiff until the decision of that motion.   At such time and place the parties appeared, and an order was thereupon made requiring the plaintiff's said attorney to accept and retain the said answer and the said demand upon service upon him of a certified copy of said order.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Richard E. Fitzgerald, for appellant.

George Morton, for respondent.

PARKER, P. J.   The only service that is claimed to have been made of the answer and notice in question is that it was dropped loosely, and without being inclosed in any wrapper at all, in the office letter box of the plaintiff's attorney, and without being directed to such attorney.   Very clearly, such mode of service is not authorized.   It does not at all meet the requirements of subdivision 3 of section 797 of the Code of Civil Procedure, nor does it satisfy any other mode of service tolerated by the Code.   The plaintiff's attorney was therefore regular in returning the papers in the way he did return them; and I know

of no authority for the court's requiring him to accept such service. There is no effort made in this matter to excuse default in the service of the answer, nor does the order appealed from purport to be an order excusing the default and permitting the defendant to serve another answer. It squarely requires the plaintiff to accept as good service, a service that was clearly unauthorized by any rule of practice. This may not be done, and therefore the order appealed from should be reversed, with $10 costs and disbursements. All concur.